## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

MICHAEL MAHAN,

      Plaintiff,                            CASE NO.:

-vs-

CREDIT FIRST NATIONAL
ASSOCIATION, EQUIFAX
INFORMATION SERVICES LLC,
and TRANS UNION LLC,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Mahan (hereinafter "Plaintiff"), sues Defendants, Credit First National Association, Equifax Information Services LLC, and Trans Union LLC, and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.,* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## PRELIMINARY STATEMENT

1.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

2.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA and FDCPA.

3.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4.      Venue is proper in this District as Plaintiff is a natural person and a resident of Norfolk County, Massachusetts; the violations described in this Complaint occurred in this District; and the Defendants each transact business within this district.

5.      Plaintiff is a "consumer" as defined by the FCRA and FDCPA.

6.      The debt in question in this matter is a consumer debt.

7.      Credit First National Association is a debt collector as defined by the FDCPA.

8.      Credit First National Association ("Credit First") is a corporation with its principal place of business located at 6275 Eastland Road, Cleveland, Ohio 44124.

9.      Equifax Information Services LLC ("Equifax") is a corporation with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia

30309, conducting business in the State of Massachusetts through its registered agent, Corporation Service Company, located at 84 State Street, Boston, MA 02109.

10.     Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12.     Trans Union LLC ("TransUnion"), is a corporation with its principal place of business located at 555 West Adams St., Chicago, IL 60661, authorized to conduct business in the State of Massachusetts through its registered agent, The Prentice Hall Corporation System, located at 84 State Street, Boston, MA 02109.

13.     TransUnion is a "consumer reporting agency," as defined in 15 USC § 1681(f). TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14.     TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

3

## FACTUAL ALLEGATIONS

15.    In 2020 Plaintiff was denied a loan, despite having what he believed to be excellent credit history.

16.    Plaintiff subsequently discovered that Credit First was attempting to collect a debt from him that did not belong to him.

17.    Further, Credit First was furnishing information about the alleged account to credit reporting agencies, including Equifax and TransUnion.

18.    Plaintiff disputed the account in question with Equifax and TransUnion.

19.    Equifax and TransUnion both "verified" the false information being furnished by Credit First, and as a result continue to report that false information today.

20.    Plaintiff has subsequently spoken with agents of Credit First who have acknowledged the error and are allegedly taking action to cease collection efforts and delete any inaccurate information it has furnished from Plaintiff's credit files.

21.    As of the filing of this Complaint, to Plaintiff's knowledge none of this has happened.

22.    As a result of the action and or inaction of the Defendants, Plaintiff is paying an increased interest rate on a loan due to his diminished credit score.

23.   As a result of the action and or inaction of the Defendants, Plaintiff has wasted countless hours of his personal time trying to remedy this situation.

24.   As a result of the action and or inaction of the Defendants, Plaintiff has suffered from unnecessary and unwanted stress, anger, frustration, and worry.

## CAUSES OF ACTION

### COUNT I
**Violations of the Fair Credit Reporting Act as to Credit First**

25.   Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

26.   Credit First furnished false representations to Equifax and TransUnion and through Equifax and TransUnion to all of Plaintiff's potential lenders on multiple occasions.

27.   Credit First violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Credit First's representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

28.    Credit First violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax and TransUnion after it had been notified that the information was inaccurate.

29.    Credit First violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax and TransUnion that it knew was inaccurate.

30.    Credit First did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. Instead, it knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if it would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize Plaintiff was not a liable party.

31.    As a result of the actions or inactions of Credit First, Plaintiff suffered the damages described in this Complaint.

32.    Credit First's conduct, action and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

33.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Credit First in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against Credit First to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## <u>COUNT II</u>
**Violations of the Fair Debt Collection Practices Act as to Credit First**

34.    Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

35.    At all times relevant Credit First was obligated to comply with the FDCPA.

36.    Credit First violated 15 U.S.C. § 1692 f (1) by attempting to collect a debt not authorized by agreement or permitted by law.

37.     Specifically, Credit First is attempting to collect a debt that Plaintiff simply does not owe.

38.    As a result of the actions or inactions of Credit First, Plaintiff suffered the damages described in this Complaint.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Credit First for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT III**
**Violations of the Fair Credit Reporting Act as to Equifax**

38.    Plaintiff re-alleges and incorporates paragraphs 1 through 27 above as if fully set forth herein.

39.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

40.    As a result of this conduct, action and inaction of Equifax, Plaintiff suffered a loss of his personal time, diminished credit score, financial loss, and the emotional distress described in this Complaint.

41.    Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 USC § 1681o.

42.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IV
### Violations of the Fair Credit Reporting Act as to Equifax

43.     Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

44.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

45.     Equifax had all of the documentation it needed to know that the information it was reporting was erroneous. However, Equifax failed to do any meaningful

reinvestigation into Plaintiff's dispute, ignoring documents that supported Plaintiff's position.

46.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by reduced credit score, increased interest rate, and the additional damages outlined in this Complaint.

47.    Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

48.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Equifax, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## <u>COUNT V</u>
**Violations of the Fair Credit Reporting Act as to TransUnion**

49.    Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

50.    TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

51.    As a result of this conduct, action and inaction of TransUnion, the Plaintiff suffered a loss of his personal time, diminished credit score, increased interest rate, and the emotional distress described in this Complaint.

52.    TransUnion's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 USC § 1681o.

53.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TransUnion, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from

further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT VI
### Violations of the Fair Credit Reporting Act as to TransUnion

54.     Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

55.     TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

56.     TransUnion had all of the documentation it needed to know that the information it was reporting was erroneous. However, TransUnion failed to do any meaningful reinvestigation into Plaintiff's dispute, ignoring documents that supported Plaintiff's position.

57.     As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by reduced credit score and the damages outlined in this Complaint.

58.    TransUnion's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

59.    Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, TransUnion, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Morgan & Morgan, Tampa, P.A.
201 N. Franklin St., Suite 700
Tampa, Florida 33602
Telephone: 813-577-4729
Facsimile: 813-559-4831
FKerney@ForThePeople.com
MMartinez@forthepeople.com
*Counsel for Plaintiff*